UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CAROLYN RICHARDSON,

        Plaintiff,

        v.

UNITED STATES OF AMERICA, *et al.*,

        Defendants.

19 Civ. 1892 (WHP)

**STIPULATION OF
SETTLEMENT**

WHEREAS, on February 28, 2019, Plaintiff Carolyn Richardson ("Plaintiff") filed a complaint (the "Complaint") commencing the above-captioned action (the "Action") against the United States of America (the "United States"), Anthony Bussanich, M.D., Robert Beaudouin, M.D., and Hossam Georgy (the "Individual Government Defendants"), and James Weyand, O.D., asserting claims under the Federal Tort Claims Act ("FTCA") and *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 399 (1971);

WHEREAS on August 1, 2019, Plaintiff filed an amended complaint ("Amended Complaint");

WHEREAS on August 15, 2019, the United States and the Individual Government Defendants answered Plaintiff's Amended Complaint;

WHEREAS, Plaintiff has decided to voluntarily dismiss all claims against the Individual Government Defendants pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure with prejudice;

WHEREAS, Plaintiff has decided to voluntarily dismiss all claims against Defendant James Weyand pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure with prejudice;

1

WHEREAS, Defendant Weyand has decided to voluntarily dismiss all cross-claims against the United States and the Individual Defendants pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure with prejudice; and

WHEREAS, Plaintiff and the United States have reached a settlement of the FTCA claims;

IT IS HEREBY STIPULATED AND AGREED by and between Plaintiff and the United States that the above-captioned action shall be resolved as between them as follows:

1. The parties to this Stipulation for Compromise Settlement and Release ("Stipulation") do hereby agree to settle and compromise each and every claim of any kind, whether known or unknown, including claims for wrongful death, arising directly or indirectly from the acts or omissions that gave rise to the above-captioned action – namely, the ophthalmological care and treatment that Plaintiff has received up to the date of this Stipulation – under the terms and conditions set forth in this Stipulation.

2. This Stipulation is not, is in no way intended to be, and should not be construed as, an admission of liability or fault on the part of the Individual Defendants or the United States, its agents, servants, or employees, and it is specifically denied that they are liable to Plaintiff. This settlement is entered into by all parties for the purpose of compromising disputed claims under the FTCA and avoiding the expenses and risks of further litigation.

3. In consideration for Plaintiff's agreement to accept the terms and conditions of this settlement, the United States agrees to pay the cash sum set forth below in Paragraph 3.a.

a. The United States shall pay to Plaintiff the total sum of two million dollars ($2,000,000) ("Settlement Amount").

b. Within seven business days after the undersigned counsel for the United States receives (1) this Stipulation signed by all parties to said document; (2) the Social Security number or tax

2

identification number of Plaintiff and Plaintiff's attorney; and (3) an authorization by the Attorney General or his designee to conclude negotiations and to consummate the settlement, counsel for the United States will send a formal request to the Department of the Treasury requesting electronic funds transfer in the amount of $2,000,000  payable to Carolyn Richardson.

With respect to the payment of the Settlement Amount, Plaintiff stipulates and agrees that the United States will not sign an annuity application form, a uniform qualified settlement form, or any equivalent such forms, and that the United States will not pay the Settlement Amount into a qualified settlement fund or an equivalent fund or account.  Plaintiff further stipulates and agrees that she, her attorney(s), and her representatives (including any structured settlement annuity broker, regardless of whether said broker was retained by her or by someone else, either before, during, or after the settlement) will not attempt to structure the Settlement Amount in any way, form, or manner, including by placing any of the Settlement Amount into any qualified settlement fund or its equivalent.  However, nothing in this Paragraph precludes Plaintiff from purchasing non-qualified annuities after plaintiff has received Settlement Amount, but she agrees that she will not represent to any person, entity, or agency that she is purchasing qualified structured settlement annuities and she agrees she will not attempt to purchase such structured settlement annuities.

Plaintiff agrees to tender the Settlement Amount to her attorney to be deposited in the attorney's client trust account to facilitate the disbursement of the Settlement Amount as, if applicable, ordered by the court approving the settlement on behalf of Plaintiff. Plaintiff stipulates and agrees that her attorney shall escrow the aggregate face value of any and all currently known liens and currently known claims for payment or reimbursement, including any such liens or claims by Medicaid (including the State of New York or any other state) or Medicare, arising out of the subject matter that gave rise to the above-captioned action, whether disputed as legally valid or

3

not, and shall not distribute to Plaintiff any portion of the escrowed amount unless and until said liens and claims have been paid or resolved.

The parties agree that any attorneys' fees owed by Plaintiff shall not exceed twenty-five percent (25%) of the Settlement Amount, as required by the FTCA. 28 U.S.C. § 2678. The parties further agree that any such attorneys' fees, along with Plaintiff's costs and expenses of this Action and any court proceedings reviewing the settlement for approval purposes, shall be paid out of the Settlement Amount paid pursuant to paragraph 3.a. above, and not in addition thereto. The parties further agree that any fees, incurred in providing legal services in this Action and in any court proceedings reviewing the settlement for approval purposes shall be considered attorneys' fees and not costs, and shall be subject to the provisions of 28 U.S.C. § 2678.

Plaintiff stipulates and agrees that she is legally responsible for any and all past, present, and future liens and past, present, and future claims for payment or reimbursement, including any past, present, and future liens or claims for payment or reimbursement by any individual or entity, including an insurance company, Medicaid (including State of New York), and Medicare, arising from the injuries that are the subject matter of this action. Plaintiff stipulates and agrees that she will satisfy or resolve any and all such past, present, and future liens or claims for payment or reimbursement asserted by any such individual or entity. Plaintiff agrees that, no later than thirty (30) days from the date any past, present, or future lien or claim for payment or reimbursement is paid or resolved by Plaintiff, she will provide to the United States evidence that said lien or claim has been satisfied or resolved and that said lienholder has waived and released such lien or claim. The evidence required by the terms of this Paragraph may be satisfied by a letter from Plaintiff's attorney representing to counsel for the United States that such lien or claim has been satisfied or resolved and that the lienholder has waived and released such lien and claim.

4

The United States is paying the Settlement Amount in connection with Plaintiff's FTCA claims. As Plaintiff has agreed to voluntarily dismiss all of the *Bivens* claims against the Individual Government Defendants with prejudice, no portion of the Settlement Amount is attributable to the *Bivens* claims.

4. Plaintiff and any guardians, heirs, executors, administrators, and assigns hereby accept the settlement and the payment of the Settlement Amount in full settlement, satisfaction, and release of any and all claims, demands, rights, and causes of action of any kind, whether known or unknown, including any future claims for survival or wrongful death, and any claims for fees, interest, costs, and expenses, arising from, and by reason of, any and all known and unknown, foreseen and unforeseen, bodily and personal injuries, including the death of Carolyn Richardson, or damage to property, and the consequences thereof, which Plaintiff or her heirs, executors, administrators, or assigns may have or hereafter acquire against the United States, and its respective officials, agencies, representatives, officers, employees, agents, assigns and attorneys, on account of the subject matter that gave rise to the above-captioned action – namely, the ophthalmological care and treatment that Plaintiff has received up to the date of this Stipulation.

Plaintiff does hereby, for good and valuable consideration, the receipt of which is hereby acknowledged, release and forever discharge the United States, and its respective officials, agencies, representatives, officers, employees, agents, assigns and attorneys, from any and all claims, demands, rights, causes of actions, liens, and all other liabilities whatsoever, whether known or unknown, suspected or unsuspected, that Plaintiff has had, now have or hereafter may have with respect to the same subject matter that gave rise to the above-captioned action – namely, the ophthalmological care and treatment that Plaintiff has received up to the date of this Stipulation –, as well as claims relating to or arising out of the subject matter that gave rise to the above-

5

captioned action that could have been but were not alleged in this action.

Plaintiff and Plaintiff's guardians, heirs, executors, administrators, and assigns further agree to reimburse, indemnify, and hold harmless the United States from and against any and all claims, causes of action, liens, rights, or subrogated or contribution interests (whether such claims, causes of action, liens, rights, subrogated interests, or contribution interests sound in tort, contract, or statute) incident to, or resulting or arising from, the acts or omissions that gave rise to the above-captioned action, including claims or causes of action for wrongful death.

5. This compromise settlement is specifically subject to each of the following conditions:

a. The Attorney General or the Attorney General's designee must approve the terms and conditions of the settlement and authorize the attorney representing the United States to consummate a settlement for the amount and upon the terms and conditions agreed upon by the parties, as set forth in this Stipulation.

b. The parties must agree in writing to the terms, conditions, and requirements of this Stipulation. The parties stipulate and agree that the Stipulation and the compromise settlement are null and void in the event the parties cannot agree on the terms, conditions, and requirements of this Stipulation. The terms, conditions, and requirements of this Stipulation are not severable and the failure to agree, fulfill, or comply with any term, condition, or requirement renders the entire Stipulation and the compromise settlement null and void. The parties must agree to the terms, conditions, and requirements of this Stipulation before undersigned counsel for the United States will seek settlement authority from the Attorney General or the Attorney General's designee.

c. Plaintiff must obtain a release and waiver of any claim or cause of action (whether sounding in tort, contract, statute, or otherwise) that any alleged tortfeasor, if any, has or may have in the future against the United States arising out of the subject matter of the above-captioned

action. This condition is for the benefit of the United States exclusively. The United States will provide the form of Release and Waiver, or any changes to the form required by the United States, to be used by Plaintiff in obtaining a Release and Waiver from any alleged tortfeasor. Before the undersigned counsel for the United States will seek settlement authority from the Attorney General or the Attorney General's designee, Plaintiff must provide the United States with either (i) all such releases and waivers required by this Paragraph 5.d., or (ii) a written representation by Plaintiff's attorney stating that, after a diligent search of Plaintiff's attorney's law firms' records and files, including expert and consultant reports, and of Plaintiff's records and files, Plaintiff and her attorney are unaware of any such potential tortfeasor.

d. The United States District Court for the Southern District of New York must dismiss this action in its entirety with prejudice, with each side bearing its own costs, expenses, and fees, and with the District Court not retaining jurisdiction over the above-captioned action, this settlement, the United States, or the Individual Government Defendants.

6. The parties agree that this Stipulation, including all the terms and conditions of this compromise settlement and any additional agreements relating thereto, may be made public in their entirety, and Plaintiff expressly consents to such release and disclosure pursuant to 5 U.S.C. § 552a(b).

7. Plaintiff shall be solely responsible for full compliance with all applicable Federal, state, and local tax requirements. Plaintiff executes this Stipulation without reliance upon any representation by Defendant as to tax consequences, and Plaintiff is responsible for the payment of all taxes that may be associated with this settlement. Further, nothing in this Stipulation waives or modifies Federal, state, or local laws pertaining to taxes, offsets, levies, and liens that may apply to this Stipulation or the Settlement Amount proceeds. Plaintiff executes this Stipulation without

reliance on any representation by the United States as to the application of any such law. Plaintiff, on behalf of herself and her guardians, heirs, executors, administrators, assigns, subrogees, predecessors in interest, and successors in interest, understands and agrees that this transaction may be reported to the Internal Revenue Service and other government agencies in the ordinary course of the business of the United States and may be subject to offset pursuant to the Treasury Offset Program.

8. Plaintiff represents that she has read, reviewed and understands this Stipulation, and that she is fully authorized to enter into the terms and conditions of this agreement and that she agrees to be bound thereby. Plaintiff further acknowledges that she enters into this Stipulation freely and voluntarily. Plaintiff further acknowledges that she has had sufficient opportunity to discuss this Stipulation with her attorney, who has explained the documents to Plaintiff and that Plaintiff understands all of the terms and conditions of this Stipulation. Plaintiff further acknowledges that this Stipulation contains the entire agreement between the parties and that no statements, representations, promises, agreements or negotiations, oral or otherwise, between the parties or their counsel that are not included herein shall be of any force or effect.

9. It is contemplated that this Stipulation may be executed in several counterparts, with a separate signature page for each party. All such counterparts and signature pages, together, shall be deemed to be one document.

WHEREAS, the parties accept the terms of this Stipulation for Compromise Settlement and Release as of the dates written below:

8

Dated: _March 20_____, 2020
      New York, NY

By: _Carolyn Richards_____,2020
     CAROLYN RICHARDSON
     *Plaintiff*

Dated: _Mar. 31_____, 2020
      New York, NY

     JACOB D. FUCHSBERG
     LAW FIRM, LLP
     *Attorneys for Plaintiff*

By: _____
     ALAN L. FUCHSBERG
     Jacob D. Fuchsberg Law Firm, LLP
     3 Park Avenue, 37th Floor
     New York, NY 10016
     Telephone: (212) 869-3500

Dated: _August 10_____, 2020
      New York, NY

     ~~GEOFFREY S. BERMAN~~ *Audrey Strauss*
   *Acting* United States Attorney for
     the Southern District of New York
     *Attorney for the United States and*
     *the Individual Government*
     *Defendants*

By: _____
     ALEXANDER J. HOGAN
     Assistant United States Attorney
     86 Chambers Street, 3rd Floor
     New York, NY 10007
     Telephone: (212) 637-2799

Dated: _____, 2020
      White Plains, NY

     LAW OFFICES OF BURATTI,
     ROTHENBERG & BURNS
     *Attorneys for James Weyand*

By: _____
     SCOTT L. MATHLESS
     Law Offices of Buratti, Rothenberg
     & Burns
     1133 Westchester Avenue
     Suite N228
     White Plains, NY 10604
     Telephone: (917) 344-6800

9

Dated: _____, 2020
      New York, NY


By: _____, 2020
    CAROLYN RICHARDSON
    *Plaintiff*


Dated: _____, 2020
      New York, NY

    JACOB D. FUCHSBERG
    LAW FIRM, LLP
    *Attorneys for Plaintiff*


By: _____
    ALAN L. FUCHSBERG
    Jacob D. Fuchsberg Law Firm, LLP
    3 Park Avenue, 37th Floor
    New York, NY 10016
    Telephone: (212) 869-3500


Dated: *August 10*, 2020
      New York, NY

    ~~GEOFFREY S. BERMAN~~ *Audrey Strauss*
    *Acting* United States Attorney for
    the Southern District of New York
    *Attorney for the United States and*
    *the Individual Government*
    *Defendants*


By: _____
    ALEXANDER J. HOGAN
    Assistant United States Attorney
    86 Chambers Street, 3rd Floor
    New York, NY 10007
    Telephone: (212) 637-2799


Dated: *March 6*, 2020
      White Plains, NY

    LAW OFFICES OF BURATTI,
    ROTHENBERG & BURNS
    *Attorneys for James Weyand*


By: _____
    SCOTT L. MATHLESS
    Law Offices of Buratti, Rothenberg
    & Burns
    1133 Westchester Avenue
    Suite N228
    White Plains, NY 10604
    Telephone: (917) 344-6800

9